IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MONTE HANEY,

    Plaintiff,

v.

MICHAEL YUEN; ROSSALY E. DELAVEGA,

    Defendants.

No. C 15-2448 WHA (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a pro se civil rights complaint filed by a California prisoner proceeding pro se under 42 U.S.C. 1983, against two clerks in the San Francisco County Superior Court, whom he claims failed to file his tort complaint. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is **DISMISSED**.

## DISCUSSION

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**B.   LEGAL CLAIMS**

Plaintiff alleges that he sent a tort complaint to the San Francisco County Superior Court. Defendants, clerk's office officials, sent plaintiff summons, fee waiver, and civil case forms and instructed plaintiff to complete them. Plaintiff alleges that he completed the forms and sent them to the court, but he did not hear back. A month later, he wrote to defendant Yuen (the Clerk of Court), but he has not received a response or his original complaint.

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). The right of access to the courts is limited to providing prisoners with the capabilities to attack their convictions or sentences directly or collaterally and to file Section 1983 claims challenging the conditions of their confinement. *Id.* at 355. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Ibid.* The right of access to the courts does not extend to plaintiff's pursuing a state tort complaint. Accordingly, Plaintiff's allegations, if true, do not amount to a violation of his constitutional rights and therefore do not state a cognizable claim for relief under Section 1983. Plaintiff may be able to pursue his claims in the state courts, including the state appellate courts if necessary, but not in a federal civil rights complaint.

Plaintiff asserts claims under the First Amendment and the federal right to due process, but these rights are only implicated by defendants' conduct to the extent that plaintiff has a

2

limited right of access to the courts. Plaintiff also makes state law claims, which are not cognizable under Section 1983. Finally, his claims under federal criminal law are not cognizable because those laws do not create a private cause of action.

## CONCLUSION

For the reasons set out above, this action is **DISMISSED** for failure to state a cognizable claim for relief.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June 9, 2015

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE